ALLAN S. BLOOM
RACHEL S. PHILION
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000

*Attorneys for Defendant*
HSBC BANK USA, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN BEACH,<br><br>       Plaintiff,<br><br>     v.<br><br>HSBC BANK USA, N.A.,<br><br>       Defendant. | No. 17 Civ. 5153 (WHP) |

**<u>MEMORANDUM OF LAW IN SUPPORT OF HSBC'S MOTION TO DISMISS</u>**

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

BACKGROUND .......................................................................................................................... 2

ARGUMENT ................................................................................................................................ 3

    I.       Plaintiff Has Not Alleged "Wages" Recoverable Under The Labor Law .............. 4

    II.      Even If the Share Award Were "Wages," Plaintiff Has Not Alleged a
            Deduction Covered by Section 193 ....................................................................... 7

CONCLUSION ........................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .......................................................................................................... 3

*Beach v. Touradji Capital Mgmt., LP*,
    No. 603611/08, 2014 WL 840409 (Sup. Ct. N.Y. Cty. Feb. 26, 2014)*, aff'd*,
    128 A.D.3d 501 (1st Dep't 2015) ................................................................................... 4, 6

*Brown v. Daikin Am. Inc.*,
    756 F.3d 219 (2d Cir. 2014) ............................................................................................. 3

*Econn v. Barclays Bank PLC*,
    No. 07 Civ. 2440 (BSJ), 2010 WL 9008868 (S.D.N.Y. June 10, 2010) ............................ 5

*Eden v. St. Luke's-Roosevelt Hosp. Ctr.*,
    96 A.D.3d 614 (1st Dep't 2012) ....................................................................................... 9

*Esmilla v. Cosmopolitan Club*,
    936 F. Supp. 2d 229 (S.D.N.Y. 2013) ............................................................................... 8

*Gilman v. Marsh & McLennan Cos.*,
    868 F. Supp. 2d 118 (S.D.N.Y. 2012) ........................................................................... 1, 5

*Gold v. Am. Med. Alert Corp.*,
    No. 14 Civ. 5485(JFK), 2015 WL 4887525 (S.D.N.Y. Aug. 17, 2015) ............................ 7

*Goldberg v. Jacquet*,
    667 F. App'x 313 (2d Cir. 2016) ................................................................................... 7, 9

*Gottlieb v. Kenneth D. Laub & Co.*,
    82 N.Y.2d 457 (1993) ....................................................................................................... 9

*Guiry v. Goldman, Sachs & Co.*,
    31 A.D.3d 70 (1st Dep't 2006) .................................................................................. 1, 4, 5

*Kletter v. Fleming*,
    32 A.D.3d 566 (3d Dep't 2006) ..................................................................................... 7, 8

*Komlossy v. Faruqi & Faruqi, LLP*,
    No. 15 Civ. 9316 (KPF), 2017 WL 722033 (S.D.N.Y. Feb. 23, 2017) ............................. 8

*Levion v. Société Générale*,
    822 F. Supp. 2d 390 (S.D.N.Y. 2011), *aff'd*, 503 F. App'x 62 (2d Cir. 2012) .................. 4

*Locke v. Tom Jones Co.*,
 No. 11 Civ. 2961 (GBD), 2013 WL 1340841 (S.D.N.Y. Mar. 25, 2013) .................................6

*O'Grady v. BlueCrest Capital Mgmt. LLP*,
 111 F. Supp. 3d 494, 506 (S.D.N.Y. 2015), *aff'd*, 646 F. App'x 2 (2d Cir. 2016) ...................................................................................................................................7

*Pachter v. Bernard Hodes rp., Inc.*,
 10 N.Y.3d 609, 616.................................................................................................................9

*Perella Weinberg Partners LLC v. Kramer*,
 153 A.D.3d 443 (1st Dep't 2017) ................................................................................... passim

*Perella Weinberg Partners LLC v. Kramer*,
 No. 653488/2015, 2016 WL 3906073 (Sup. Ct. N.Y. Cty. July 19, 2016), ..............................7

*Rosa v. TCC Commc'ns, Inc.*,
 No. 15 Civ.1665, 2016 WL 67729 (S.D.N.Y. Jan. 5, 2016) (Pauley, J.)..................................4

*Ryan v. Kellogg Partners Institutional Servs.*,
 19 N.Y.3d 1 (2012) ............................................................................................................6, 8

*Truelove v Ne, Capital & Advisory, Inc.*,
 95 N.Y.2d 220 (2000) ...................................................................................................4, 5, 6

*Tuttle v. George McQuesten Co.*,
 227 A.D.2d 754 (3d Dep't 1996) ...........................................................................................6

*Wachter v. Kim*,
 82 A.D.3d 658 (1st Dep't 2011) .............................................................................................8

*Wachter v. Kim*,
 No. 650532/08, 2013 WL 144760 (Sup. Ct. N.Y. Cty. Jan. 11, 2013).....................................8

**STATUTES**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................................1

New York Labor Law § 190 ............................................................................................... passim

New York Labor Law § 191 ............................................................................................... passim

New York Labor Law § 193 ............................................................................................... passim

Defendant HSBC Bank USA, N.A. ("HSBC"), by its attorneys Proskauer Rose LLP, respectfully submits this memorandum of law in support of its motion to dismiss the Second Cause of Action in the Complaint of Plaintiff Stephen Beach ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff's Second Cause of Action, which seeks unvested shares of HSBC stock awarded as an incentive for accepting employment with HSBC (the "Share Award"), fails under the plain language of New York Labor Law § 193 ("Section 193"). Plaintiff claims that the Share Award is "wages" within the meaning of Section 193 and that because he has not received the unvested second installment of the Share Award, HSBC has made an unlawful "deduction" from his wages. But Plaintiff is wrong in both respects.

First, Section 193 only applies to compensation for labor or services personally rendered. It does not cover other forms of compensation, including the Share Award, that are dependent on factors outside an employee's personal productivity, like HSBC's financial performance. *See Guiry v. Goldman, Sachs & Co.*, 31 A.D.3d 70, 71 (1st Dep't 2006) ("[D]eferred equity-based compensation . . . constitutes, as a matter of law, incentive compensation . . . not included in the definition of 'wages' under Labor Law § 190(1).") (quotation omitted); *Gilman v. Marsh & McLennan Cos.*, 868 F. Supp. 2d 118, 135 (S.D.N.Y. 2012) ("Equity-based awards to incentivize employees to remain with an employer do not constitute 'wages' under the NYLL."). Nor does it cover compensation provided as an incentive to accept employment, rather than for labor or services rendered. Plaintiff cannot sidestep these well-established limitations of Section 193, and they require dismissal of his Second Cause of Action.

Second, even if the Share Award were "wages," Section 193 applies only to "deductions" from "wages." Plaintiff alleges only that HSBC has not paid the second installment of the Share Award. But as the Appellate Division recently made clear, "a wholesale withholding of payment is not a 'deduction' within the meaning of Labor Law § 193." *Perella Weinberg Partners LLC v. Kramer*, 153 A.D.3d 443, 449 (1st Dep't 2017) ("*Perella*"). New York courts have repeatedly rejected efforts by plaintiffs to misuse Section 193 to challenge non-payment of compensation, as opposed to deductions from payments, and this Court should do the same.

## BACKGROUND

HSBC is a chartered national bank for which Plaintiff served as the US Head of Regulatory Compliance, Asset Management between approximately January 2015 and February 2017. (Compl. ¶¶ 2, 11, 19, 33.)[1] Plaintiff signed an offer letter before joining HSBC, which provided that HSBC would "recommend [Plaintiff] for [an award (the "Share Award")] comprising $104,587.00 in shares of HSBC Holdings plc." (*Id.* ¶¶ 12-13, 17.) The parties agreed to the Share Award (and to an additional $120,000 payment) "because [Plaintiff] would be tendering his resignation to [his former employer] Oppenheimer" and therefore "foregoing a sizeable bonus of cash" and "forfeiting a significant amount of unvested Oppenheimer stock." (*Id.* ¶ 15.)

Plaintiff's offer letter included the following terms applicable to the Share Award:

- The number of shares to be awarded would be determined by the value of HSBC's stock on Plaintiff's anticipated first day of employment (*id.* ¶¶ 14, 17);

- The Share Award would be granted "as soon as practicable" after Plaintiff's employment began (*id.* ¶ 17);

- The Share Award would vest ratably in three installments on the first three anniversaries of the date HSBC granted it (*id.*);

---

[1] HSBC assumes the truth of Plaintiff's allegations only for purposes of this motion.

- Unless HSBC terminated Plaintiff without cause, each of the three parts of the Share Award would only vest if Plaintiff remained an HSBC employee on the corresponding anniversary of the grant date (*id.* ¶¶ 17-18).

Consistent with the terms of the offer letter, Plaintiff began employment with HSBC on January 5, 2015 (*id.* ¶ 19), and HSBC granted the Share Award five months later, in May 2015 (*id.* ¶ 24). In May 2016, the first third of the Share Award vested. (*Id.* ¶ 26.) In February 2017, HSBC terminated Plaintiff's employment for cause based on Plaintiff's failure to investigate complaints regarding data leakage and unprofessional conduct by a member of his team. (*Id.* ¶¶ 31-33.) Because Plaintiff had been terminated for cause before the second and third anniversaries of the May 2015 grant date, the second and third parts of the Share Award did not vest. (*Id.* ¶ 35.)

## ARGUMENT

The Court should dismiss Plaintiff's Second Cause of Action because even if true, Plaintiff's allegations that HSBC wrongfully withheld the second installment of the Share Award do not amount to a violation of Section 193. (*Id.* ¶¶ 48-49.)[2] To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "[R]ecitals of the elements of a cause of action . . . do not suffice," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014) (quotations omitted). Here, Section 193 only applies to "wages" and to

---

[2] Plaintiff also claims that HSBC should have granted the Share Award by the end of his first month of employment (January 2015) such that the second part of the Share Award would have vested before his termination for cause in February 2017. (Compl. ¶¶ 36-43, 47). Whether the second part of the Share Award vested before Plaintiff's termination is irrelevant to the defects in his Second Cause of Action.

3

"deductions" from wages, and Plaintiff's failure to plausibly allege either requires dismissal of his Second Cause of Action.

## I. Plaintiff Has Not Alleged "Wages" Recoverable Under The Labor Law

Section 193 applies to deductions "from the *wages* of an employee." N.Y. LAB. LAW § 193 (emphasis added). For purposes of Section 193, "wages" are "earnings of an employee for labor or services rendered." N.Y. LAB. LAW § 190(1). This definition excludes compensation that is not based on the "personal productivity" of the employee, including compensation "dependent, at least in part, on the financial success of the business enterprise." *Truelove v Ne, Capital & Advisory, Inc.*, 95 N.Y.2d 220, 224 (2000). Thus, "[u]nlike in other areas where the Legislature chose to define broadly the term 'wages' to include every form of compensation . . . the Legislature elected not to define that term in Labor Law § 190 (1) so expansively as to cover all forms of employee remuneration." *Id.*

Because the Labor Law defines "wages" narrowly, New York courts regularly dismiss Labor Law claims for compensation that is not based on "personal productivity," including equity-based compensation. *See, e.g., Guiry*, 31 A.D.3d at 71 (affirming dismissal of claims under Labor Law §§ 191 and 193 for equity component of plaintiff's annual compensation); *Beach v. Touradji Capital Mgmt., LP, N*o. 603611/08, 2014 WL 840409, at *3 (Sup. Ct. N.Y. Cty. Feb. 26, 2014)*, aff'd*, 128 A.D.3d 501 (1st Dep't 2015) ("Even if [defendant] was required to pay [plaintiffs] some percentage of the portfolio profits, the compensation would still not be wages because the amount depended on factors other than their personal productivity.").

Claims for non-wage compensation under the New York Labor Law meet the same fate in federal court. *E.g.*, *Rosa v. TCC Commc'ns, Inc.*, No. 15 Civ.1665, 2016 WL 67729, at *5 (S.D.N.Y. Jan. 5, 2016) (Pauley, J.) ("[T]o the extent [plaintiff's] claim relies on additional wages owed pursuant to the profit-sharing aspects of the agreement, he will be unable to recover

4

under the NYLL."); *Levion v. Société Générale*, 822 F. Supp. 2d 390, 404 (S.D.N.Y. 2011), *aff'd*, 503 F. App'x 62 (2d Cir. 2012) (dismissing Section 193 claim where value of bonus to plaintiff was "dependent on factors outside his own personal efforts"); *Econn v. Barclays Bank PLC*, No. 07 Civ. 2440 (BSJ), 2010 WL 9008868, at *5 (S.D.N.Y. June 10, 2010) (dismissing Section 193 claim for equity awards because they were "dependant on the overall financial success of Barclays" and therefore "did not constitute 'wages' under New York law").

Here, Plaintiff unequivocally alleges that the Share Award is not compensation for his "personal productivity" covered by Section 193. The Share Award comprises shares of HSBC stock, and the number of shares was calculated from the value of HSBC's stock a full year before the first 33% of the Share Award vested—and two full years before the shares at issue in Plaintiff's Second Cause of Action vested. (Compl. ¶¶ 12-13, 17; 47-49.) As in *Guiry*, the "ultimate value of [Plaintiff's] equity-based compensation would depend on [HSBC's] stock price after the rights vested." 31 A.D.3d at 73. The Share Award therefore epitomizes the type of compensation "that may prove worthless when ultimately received" and is excluded from Section 193. *Id.*

Even if Section 193 did not exclude all equity awards, the Share Award would still fall outside the definition of "wages" because Plaintiff alleges that it was an incentive *to accept employment*—not compensation for "labor or services personally rendered [to HSBC]." *Truelove*, 95 N.Y.2d at 224; *see also Gilman*, 868 F. Supp. 2d at 136 (granting motion to dismiss Section 193 claim where equity at issue was awarded "to attract, retain, and motivate employees . . . and to strengthen the mutuality of interest between such employees and the Company's stockholders"). According to Plaintiff, HSBC agreed to the Share Award (and an additional $120,000 payment) to entice him to leave his former employer and accept a position with HSBC,

5

foregoing the bonus and unvested stock he might otherwise have received from his former employer. (Compl. ¶ 15). Indeed, any allegation that the Share Award was based on Plaintiff's "personal productivity," *Truelove*, 95 N.Y.2d at 224, would also be inconsistent with the plain terms of Plaintiff's offer letter, which, according to Plaintiff, referred to the Share Award as an "Incentive to Join Share Award" and provided that the number of shares Plaintiff received would be calculated before Plaintiff had worked a single day for HSBC. (*Id.* ¶¶ 14, 17.)

Cases holding that bonus or commission payments may fall within the definition of "wages" in some circumstances do not save Plaintiff's claim. *See, e.g., Ryan v. Kellogg Partners Institutional Servs.*, 19 N.Y.3d 1 (2012); *Tuttle v. George McQuesten Co.*, 227 A.D.2d 754 (3d Dep't 1996). *Ryan* involved a cash payment promised for work later performed, 19 N.Y. 3d at 12, while *Tuttle* involved deferred payment of earned commissions, 227 A.D.2d at 754. Unlike the Share Award, the compensation at issue in those cases was neither dependent on the employer's financial success nor an incentive to accept employment. *See Ryan*, 19 N.Y.3d 1 at 16 ("Unlike the situation in *Truelove*, Ryan's bonus was 'expressly link[ed]' to his 'labor or services personally rendered' . . . namely, his work as a floor broker[.]"); *Beach*, 2014 WL 840409 at *4 (distinguishing the bonus at issue in *Ryan* "because as a salary substitute it directly compensated the employee for his personal services").

Similarly, *Locke v. Tom Jones Co.*, No. 11 Civ. 2961 (GBD), 2013 WL 1340841 (S.D.N.Y. Mar. 25, 2013) does not support Plaintiff's claim because it involved stock options, not an equity award. *Id.* at *6 ("[W]hile Defendants' correctly assert that the monetary value of each . . . share would depend on the overall performance of the company and thus remain outside [plaintiff's] control, the intrinsic value of the stock options, the right to purchase . . . stock, would not change."). And, in any event, the plaintiff in *Locke* was "awarded a specific number

of stock options directly based on his own sales performance," *id.*, not as an incentive to accept employment (*cf.* Compl. ¶ 15).

In sum, Plaintiff's allegations establish that the Share Award was not compensation "for labor or services personally rendered," N.Y. LAB. LAW § 190(1), and therefore was not "wages" within the meaning of Section 193.  Plaintiff's Second Cause of Action fails for this reason alone.

## II. Even If the Share Award Were "Wages," Plaintiff Has Not Alleged a Deduction Covered by Section 193

Section 193 applies only to "deductions" from wages, and not to "a wholesale withholding of payment."  *Perella*, 153 A.D.3d at 449.  A "deduction" is "understood to include a partial withholding of compensation to pay for benefits, such as insurance or a gym membership."  *Perella Weinberg Partners LLC v. Kramer*, No. 653488/2015, 2016 WL 3906073, at *16 (Sup. Ct. N.Y. Cty. July 19, 2016), *aff'd*, 153 A.D.3d 443 (1st Dep't 2017). "[T]o state a claim for a violation of [Section 193], a plaintiff must allege a specific *deduction* from wages and not merely a *failure to pay* wages."  *Goldberg v. Jacquet*, 667 F. App'x 313, 314 (2d Cir. 2016) (emphasis added); *see also Kletter v. Fleming*, 32 A.D.3d 566, 567 (3d Dep't 2006) (affirming dismissal of Section 193 claim for failure to "allege any specific deduction").

Plaintiff not only fails to identify the requisite "specific deduction," but he also purports to rely solely on the allegation that "HSBC unlawfully failed to pay" the Share Award.  (Compl. ¶ 49).  State and federal courts have overwhelmingly rejected Section 193 claims premised on substantially similar allegations.  *See Perella*, 153 A.D.3d at 449 (compiling cases); *Goldberg*, 667 F. App'x at 314 (affirming dismissal of Section 193 claim where "[plaintiff's] wages were not reduced in the manner prohibited by NYLL § 193"); *O'Grady v. BlueCrest Capital Mgmt. LLP*, 111 F. Supp. 3d 494, 506 (S.D.N.Y. 2015), *aff'd*, 646 F. App'x 2 (2d Cir. 2016)

7

(dismissing Section 193 claim "because section 193 applies to amounts *deducted* from wages, not *unpaid* wages") (emphasis in original); *Gold v. Am. Med. Alert Corp.*, No. 14 Civ. 5485(JFK), 2015 WL 4887525, at *2 (S.D.N.Y. Aug. 17, 2015) (dismissing Section 193 claim "because the deduction Plaintiff claims is merely the total withholding of wages").

HSBC's non-payment of the second installment of the Share Award is not transformed into a "deduction" simply because Plaintiff received the first installment and therefore seeks less than the full Share Award. Even a partial non-payment is not a "deduction" covered by Section 193. *See Kletter*, 32 A.D.3d at 567 (rejecting "assert[ion] that plaintiff withheld some of defendant's pay" as basis for Section 193 claim); *Komlossy v. Faruqi & Faruqi, LLP*, No. 15 Civ. 9316 (KPF), 2017 WL 722033, at *12, 15 (S.D.N.Y. Feb. 23, 2017) (granting motion to dismiss Section 193 claim because allegation of "failure to pay plaintiff a portion of the fee earned" was "indicative (at best) of a failure to pay, not of a deduction of wages").

Plaintiff's Section 193 claim is also not saved by cases addressing the meaning of "wages" under Section 193 without considering whether a plaintiff has alleged a "deduction." *See*, *e.g.*, *Ryan*, 19 N.Y.3d at 16; *Wachter v. Kim*, 82 A.D.3d 658, 663 (1st Dep't 2011).[3] In *Perella*, the First Department explicitly rejected the argument that either *Ryan* or *Wachter* rendered a non-payment actionable under Section 193. 153 A.D.3d at 449-450 ("This issue was not addressed by the Court of Appeals in [*Ryan*] or by this Court in [*Wachter*]."). Likewise, *Esmilla v. Cosmopolitan Club*, 936 F. Supp. 2d 229 (S.D.N.Y. 2013), addressed only the meaning of "wages" and not whether plaintiff had alleged a "deduction" covered by Section 193.

---

[3] On remand from the First Department, the *Wachter* court granted summary judgment on the plaintiff's Section 193 claim because "the First Department did not address whether the non-payment of [plaintiff's] wages qualifies as a 'deduction from wages,'" and the plaintiff "merely allege[d] the failure to pay wages rather than a specific unauthorized deduction from his wages . . . . ." *Wachter v. Kim*, No. 650532/08, 2013 WL 144760 (Sup. Ct. N.Y. Cty. Jan. 11, 2013).

8

*Id.* at 252 ("Defendant contends that 'bonuses' are not 'wages,' and thus Plaintiff's claim . . . must be dismissed."). Indeed, *Perella* confirmed that *Ryan* simply does not stand for the proposition that Plaintiff urges.

Finally, Plaintiff's proposed distortion of Section 193 would eviscerate the limitations of New York Labor Law § 191 ("Section 191"), which *is* the section of the Labor Law that applies to non-payment of wages and which—notably and purposely—excludes employees who, like Plaintiff, work in administrative, executive or professional capacities and earn more than $900 per week. *See Goldberg*, 667 F. App'x at 314, n.1 ("Wholesale withholding of wages is covered by [Section 191], which the parties agree does not apply to the plaintiff because he was an executive and therefore exempt from this provision."); N.Y. LAB. LAW § 191; *Eden v. St. Luke's-Roosevelt Hosp. Ctr.*, 96 A.D.3d 614, 615 (1st Dep't 2012) ("As a professional earning more than $900 a week (Labor Law § 190 [7]), plaintiff is 'expressly excluded' from the protections of Labor Law § 191[.]") (citing *Pachter v. Bernard Hodes Grp., Inc.*, 10 N.Y.3d 609, 616).[4] Plaintiff cannot and does not plead a claim under Section 191, and allowing him to use Section 193 in these circumstances would "afford a windfall remedy to [a] litigant[ ] whom the Legislature consciously chose not to afford the protections and benefits of the wage payment regulatory provisions of the Labor Law." *Gottlieb v. Kenneth D. Laub & Co.,* 82 N.Y.2d 457, 465 (1993). As an employee who is excluded from Section 191's coverage, Plaintiff's recourse for an alleged non-payment is a breach of contract claim—not a Section 193 claim. Plaintiff's Third Cause of Action alleges a breach of contract claim seeking the same third of the Share Award that his Second Cause of Action seeks under Section 193. (Compl. ¶¶ 53-58.)

---

[4] Even if Section 191 applied to Plaintiff, that section incorporates the Labor Law § 190(1) definition of "wages" applicable to Plaintiff's Section 193 claim, thus any claim based on the Share Award would still fail for the reasons explained above.

## **CONCLUSION**

For the reasons stated above, Plaintiff's Second Cause of Action fails as a matter of law, and HSBC respectfully requests that the Court dismiss the Second Cause of Action with prejudice.

Dated: New York, New York
September 29, 2017

PROSKAUER ROSE LLP

/s/ *Allan S. Bloom*
By: Allan S. Bloom
Rachel S. Philion

Eleven Times Square
New York, New York 10036
(212) 969-3000
abloom@proskauer.com
rphilion@proskauer.com

*Attorneys for Defendant*
HSBC BANK USA, N.A.